IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE GRANT, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 4:CV-08-0279 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| RONNIE R. HOLT, | : | |
| | : | |
| Respondent. | : | |

### MEMORANDUM

July 28, 2008

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner George Grant ("Petitioner" or "Grant") initiated this pro se action by filing a Petition for Writ of Habeas Corpus (doc. 1) pursuant to the provisions of 28 U.S.C. § 2241. Therein, Petitioner requests credit against his 10-month federal sentence for the time during which he was in the custody of the State of New York from August 15, 2005 through May 18, 2007 following a conviction for simple assault and for a state parole violation. For the reasons set forth below, the Petition will be dismissed as moot.

**FACTUAL BACKGROUND:**

On December 11, 1998, Grant was sentenced in the United States District Court for the Eastern District of New York to a time-served federal term of

imprisonment, with a one (1) year term of supervised release to follow. (See Rec. Doc. 8-2 at 5 ¶ 5.) The federal sentencing court ordered the sentence to be served concurrently with the terms of confinement that previously had been imposed by the State of New York. See id.

On January 20, 2004, Grant was sentenced in the United States District Court for the Southern District of New York to a sixteen (16) month federal term of imprisonment, with a three (3) year term of supervised release to follow. See id. ¶ 6. The federal sentencing court ordered the sentence to be served concurrently with the terms of confinement previously imposed by the State of New York. See id.

On March 18, 2005, Grant satisfied the sixteen (16) month federal term of imprisonment via Good Conduct Time ("GCT") release. See id. ¶ 7. On April 29, 2005, Grant was released from the state terms of imprisonment. See id. ¶ 8.

On August 15, 2005, Grant was arrested by state authorities in Kings County, New York, on state charges of simple assault. See id. at 6 ¶ 9. On August 17, 2005, Grant was admitted to the custody of the New York City Department of Corrections. See id.

On September 20, 2005, the State of New York revoked Grant's parole supervision. See id. ¶ 10. Grant was sentenced to a term of fifteen (15) months of confinement for his violation of state parole. See id. at 27.

On October 19, 2005, Grant was sentenced in Kings County, New York, to a sixty (60) day term of imprisonment for the state charges of simple assault resulting from his arrest on August 15, 2005. See id. at 6 ¶ 11.

Grant was returned to the custody of the New York State Department of Corrections on October 31, 2005 and remained there until May 18, 2007, at which time he was re-paroled on his state sentence and released to the custody of federal authorities. See id. ¶¶ 11-12; at 26-27. The State of New York applied credit against Grant's term for his state parole violation from August 25, 2005. See id. at 6 ¶ 11.

On July 10, 2007, Grant was sentenced in the United States District Court for the Eastern District of New York to a ten (10) month term of confinement for a supervised release violation. See id. at 43-45.

Grant filed the instant Petition on February 13, 2008.

On February 27, 2008, a Show Cause Order was issued directing Respondent to file an answer to the Petition within twenty (20) days. (Rec. Doc. 4.) Following a request for an extension of time, which was granted (doc. 7), on March 25, 2008, Respondent filed an answer (doc. 8-1), exhibits (doc. 8-2), and supporting case law (doc. 8-3). Although the Show Cause Order provided that Grant could file a Reply Brief within fifteen (15) days of Respondent's filings, he did not do so. Therefore, the Petition is ripe for review.

3

**DISCUSSION:**

Respondent argues that Grant's Petition should be dismissed as moot, or in the alternative, it should be denied because the Bureau of Prisons ("BOP") properly computed Grant's sentence in accordance with federal law and BOP policy. The Court agrees with both arguments, but finds the first argument to be dispositive and will dismiss the Petition as moot for the following reasons.

In his Petition, Grant requests a credit against his federal prison term for the time during which he was in state custody from August 15, 2005 through May 18, 2007. (See Rec. Doc. 1 at 8.) However, on March 18, 2008, Grant was released from his federal sentence on time. (See Rec. Doc. 8-2 at 58.) Grant's release was a full-term release meaning that the BOP cannot impose any further restrictions on his liberty with respect to this sentence. See id. Although a petitioner's release itself does not per se moot a habeas petition, where Grant was released on a full-term release, his Petition no longer presents a case or controversy under Article III, § 2 of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7-14 (1998); see also Hinton v. Miner, 138 Fed. Appx. 484 (3d Cir. 2005). Therefore, Grant's Petition will be dismissed as moot.

Even if Grant's Petition were not moot, it would fail on the merits. Pursuant to

4

the provisions of 18 U.S.C. § 3585(a)[1] and BOP Program Statement ("P.S.") 5880.28,[2] <u>Sentence Computation Manual (CCCA of 1984)</u>, Grant's ten-month federal sentence commenced on the date of its imposition. <u>See id.</u> at 19, 47. 18 U.S.C. § 3585(b) and P.S. 5880.28 preclude the application of credit for time that has been credited against another sentence. <u>See id.</u> at 47, 51. In this case, the BOP correctly determined that the time Grant spent in the custody of the State of New York from August 15, 2005 through May 18, 2007 already was credited against his previously served state parole revocation term. Grant does not claim in his Petition that the state failed to give him credit for any of the time he spent in the state's custody. Therefore, pursuant to BOP P.S. 5880.28, it is presumed that the state awarded credit for the time Grant spent in their custody. The BOP staff was not required to make any further inquiry with regard to the matter. Accordingly, the BOP was not authorized to give

---

[1] 18 U.S.C. § 3585(a) states as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

[2] P.S. 5880.28 reads, in pertinent part, as follows:

> . . . if a state sentence is imposed, either before or after the time that the federal sentence commences, it is presumed that the state has awarded, or will award, presentence time off the state sentence for time spent in state custody in connection with the state offense . . . staff need make no further inquiry about it unless the inmate claims that no state credit was, or will be, given.

Grant an additional credit, and his Petition lacks merit.

An appropriate Order shall issue on today's date.